# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MARION OSCAR JOHNSON,

Defendant-Appellant.

FOR PUBLICATION
February 18, 2016
9:05 a.m.

No. 324768
Grand Traverse Circuit Court
LC No. 14-011813-FH

Before: O'CONNELL, P.J., and OWENS and BECKERING, JJ.

PER CURIAM.

Defendant, Marion Johnson, pled no contest to assault with the intent to commit sexual penetration, MCL 750.520g(1). The trial court sentenced him to serve 17 months to ten years in prison. He was also ordered to pay various costs including a $200 fine, which is the subject of this appeal.[1] Defendant appeals by delayed leave granted.[2] We vacate the portion of the judgment of sentence imposing a fine and remand for correction of the judgment of sentence.

Defendant argues that the trial court erred in imposing the $200 fine. MCL 769.1k(1)(b)(*i*) authorizes the trial court to impose "[a]ny fine authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty."[3] Defendant pled no contest to a violation of MCL 750.520g(1); that statute does not authorize the trial court to impose a fine.[4] The prosecution

---

[1] Defendant had appealed the trial court's upward departure from the sentencing guidelines, but he has since withdrawn that issue.

[2] *People v Johnson*, unpublished order of the Court of Appeals, entered March 27, 2015 (Docket No. 324768).

[3] MCL 769.1k was amended after defendant's sentencing in this case; however, this Court has already determined that the amended statute applies retroactively. *People v Konopka (On Remand)*, 309 Mich App 345, 357; 869 NW2d 651 (2015).

[4] As noted in *People v Cunningham*, 496 Mich 145, 149-151, 154, 157-158; 852 NW2d 118 (2014), which interpreted the former version of MCL 769.1k and dealt with court costs, a court

-1-

concedes, and we agree, that the imposition of the fine was erroneous. Because the trial court's imposition of a $200 fine violated MCL 769.1k(1)(b)(*i*), we vacate the portion of the judgment of sentence imposing a fine and remand this matter for correction of the judgment of sentence to reflect this change.

Vacated in part and remanded for correction of the judgment of sentence. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Jane M. Beckering

---

may only impose certain financial obligations at the time of sentencing or other appropriate time that are authorized by statute.