*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TONEY C. LINDSEY,

        Defendant-Appellant.

UNPUBLISHED
May 9, 2019

No. 343423
Wayne Circuit Court
LC No. 08-002367-01-FC

Before: STEPHENS, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Defendant, Toney C. Lindsey, appeals as of right the trial court's February 5, 2018 order imposing court costs of $500. We affirm.

In 2008, defendant was convicted of assault with intent to do great bodily harm (AWIGBH), MCL 750.84, and two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f), as a fourth-habitual offender, MCL 769.12. He was sentenced to concurrent sentences of 7 to 10 years' imprisonment for AWIGBH, and 25 to 40 years' imprisonment for each count of CSC-I. In 2010, this Court affirmed his convictions, but remanded for resentencing. *People v Lindsey*, unpublished per curiam opinion of the Court of Appeals, issued February 11, 2010 (Docket No. 287912). After he was resentenced, defendant again appealed to this Court, raising (among other issues) a challenge to the imposition of $500 in court costs. This Court affirmed defendant's sentences, but remanded with directions that the trial court establish a factual basis for the imposition of $500 in court costs pursuant to *People v Konopka (On Remand)*, 309 Mich App 345, 350-351; 869 NW2d 651 (2015). *People v Lindsey*, unpublished per curiam opinion of the Court of Appeals, issued August 8, 2017 (Docket No. 331833). The trial court complied with this Court's directive, issuing the order that is now challenged in the present appeal, assessing court costs of $500 pursuant to MCL 769.1k.

On appeal, defendant asks that those costs be vacated. Defendant argues that MCL 769.1k imposes a tax that violates Const 1963, art 4, § 32, the Distinct Statement Clause, and Const 1963, art 3, § 2, the Separation of Powers Clause. Because neither argument was raised

below, our review is for plain error affecting defendant's substantial rights. *People v Lawhorn*, 320 Mich App 194, 197 n 1; 907 NW2d 832 (2017).

As defendant acknowledges, in *People v Cameron*, 319 Mich App 215; 900 NW2d 658 (2017), this Court considered and rejected these very challenges. While this Court agreed that MCL 769.1k imposes a tax (as opposed to a fee), *id*. at 221-229, this Court found that the tax imposed did not violate either of the clauses of the Michigan Constitution that defendant cites, *id*. at 229-235. We are bound to follow *Cameron*, as it is a published decision of this Court that has not been overruled. MCR 7.215(J)(1).[1] Accordingly, we find no merit to defendant's arguments.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola
/s/ Anica Letica

---

[1] Our Supreme Court has ordered arguments on the application for leave to appeal that was filed in *Cameron*. *People v Cameron*, 501 Mich 986 (2018). But "[t]he filing of an application for leave to appeal to the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals." MCR 7.215(C)(2).