*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ZACHAREY LEIGH DIEDERICHS,

Defendant-Appellant.

UNPUBLISHED
April 11, 2024

No. 360858
Ingham Circuit Court
LC No. 20-000868-FC

Before: GADOLA, C.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

After pleading guilty, defendant was convicted of two counts of second-degree murder, MCL 750.317, and felon in possession of a firearm, MCL 750.224f. Defendant was sentenced to concurrent terms of 50 to 75 years' imprisonment for the second-degree murder convictions and 3 to 5 years' imprisonment for the felon-in-possession conviction. Defendant appeals by leave granted, challenging the trial court's imposition of $2,500 in court costs. We reject defendant's constitutional challenges to the assessment of court costs, but remand for articulation of the factual basis for the costs imposed.

Defendant contends that the trial court erred by assessing $2,500 in court costs pursuant to MCL 769.1k(1)(b)(*iii*), without providing a factual basis for the costs imposed. Defendant failed to raise this challenge before the trial court, and we therefore review this unpreserved challenge for plain error affecting defendant's substantial rights. See *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015).

At the time defendant was sentenced, MCL 769.1k(1) provided, in relevant part:

(1) If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred by statute or sentencing is delayed by statute:

\* \* \*

(b) The court may impose any or all of the following:

\* \* \*

(*iii*) Until October 1, 2022, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

MCL 769.1k(1)(b)(*iii*) requires "a relationship between the costs imposed and the services they support by authorizing only costs 'reasonably related to the actual costs incurred by the trial court.' " *People v Cameron*, 319 Mich App 215, 225; 900 NW2d 658 (2017). The trial court must establish a factual basis for the costs. *Konopka*, 309 Mich App at 359-360. Here, defendant argues, and the prosecution agrees, that the trial court erred by failing to establish a factual basis for the amount of court costs imposed. We agree. The trial court in this case imposed court costs in the amount of $2,500 without explanation, thereby failing to demonstrate that the court costs were reasonably related to the trial court's actual costs. Remand is therefore necessary to permit the trial court to articulate the factual basis for the costs imposed and, if warranted, to alter the amount of costs.

Defendant also contends that MCL 769.1k(1)(b)(*iii*) infringed upon his due-process rights to appear before and be sentenced by a neutral arbiter because the statute provides incentive for trial judges to convict defendants to fund the courts in which they preside. Defendant also argues that the statute violates the separation of powers by preventing the judicial branch from accomplishing its constitutionally assigned function of affording criminal defendants due process of law. In *People v Johnson*, 336 Mich App 688; 971 NW2d 692 (2021), this Court considered the same facial challenge to the constitutionality of MCL 769.1k(1)(b)(*iii*), and rejected the same challenges regarding due process, separation of powers, and interference with the impartiality of the judiciary raised by defendant in this case. Although our Supreme Court granted leave to appeal this Court's decision in *Johnson*, see *People v Johnson*, 509 Mich 1094 (2022), the Supreme Court thereafter vacated its order and denied leave to appeal on the basis that it was "no longer persuaded that the questions presented should be reviewed by this Court." *People v Johnson*, 511 Mich 1047 (2023). As a result, this Court's decision in *Johnson* is controlling on this issue, see MCR 7.215(C)(2) and (J)(1), and defendant's constitutional challenge to MCL 769.1k(1)(b)(*iii*) therefore is without merit.

We remand for articulation of the factual basis for the court costs imposed, and if warranted, reassessment of the amount of costs imposed.  We affirm in all other respects.  We do not retain jurisdiction.


/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Sima G. Patel