*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
September 12, 2024

v

ANDRE CLIFFORD JACOBS,

        Defendant-Appellant.

No. 364444
Oakland Circuit Court
LC No. 2021-278072-FC

Before: K. F. KELLY, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of carjacking and stealing a financial transaction device. Defendant was sentenced as a fourth-offense habitual offender to 25 to 50 years' imprisonment for carjacking and 10 to 15 years' imprisonment for stealing a financial transaction device, to be served concurrently. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of the carjacking of the victim and the theft of her credit card in the parking lot of a restaurant on December 18, 2020. After defendant entered the vehicle from the driver's side, he pushed the victim over and sat on the victim's legs. Defendant held the victim's arm as she tried to unlock the passenger door with her other arm. As he lifted himself to get the victim's purse, the victim pulled her legs out, exited the vehicle on the passenger side, and ran into the restaurant to contact the police.

On December 19, 2020, Officer Michael Stajich observed the victim's vehicle parked on the northbound side of Coolidge Highway. After Officer Stajich confirmed the vehicle was stolen, he observed it being driven by defendant and followed it, which culminated with defendant jumping out of the moving vehicle and leading officers on a foot chase. Defendant was eventually taken into custody after being found in a garage.

At defendant's preliminary examination, the victim testified that the man who carjacked her was wearing "a dark colored hoodie," "a hat underneath the hoodie," and a mask. The victim saw the man "from the waist up" and "saw his eyes." The victim stated she saw the carjacker in

the courtroom at the preliminary examination and identified defendant. The victim "watched some of the Zoom [pre]trials" and "definitely recognize[d] [defendant's] voice 100 percent; never forget that voice."

After being bound over, defendant moved to suppress the victim's testimony identifying defendant by voice. Defendant argued the victim's voice identification was tainted by "the victim's impermissible actions," and that admitting the evidence would violate defendant's due-process rights. Citing *People v Murphy (On Remand)*, 282 Mich App 571, 584; 766 NW2d 303 (2009), the trial court denied defendant's motion. The trial court noted that under the Crime Victim's Rights Act, MCL 780.751 *et seq.*, the victim "has a right to be present at any and all hearings as it relates to this case." The trial court concluded the victim's identification of defendant's voice would not be "extremely prejudicial" and found "it [went] to weight more so and not admissibility, and so counsel would have an opportunity to cross-examine the witness about how many times she heard the Defendant's voice . . . ."

As previously noted, the jury convicted defendant of carjacking, MCL 750.529a, and stealing a financial transaction device, MCL 750.157n, and sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years' imprisonment for carjacking and 10 to 15 years' imprisonment for stealing a financial transaction device. This appeal followed.

## II. STANDARDS OF REVIEW

"This Court reviews for clear error a trial court's findings of fact made after a suppression hearing, but reviews de novo the ultimate decision on a motion to suppress." *People v Rodriguez*, 327 Mich App 573, 583; 935 NW2d 51 (2019). "The trial court's decision to admit identification evidence will not be reversed unless it is clearly erroneous." *People v Harris*, 261 Mich App 44, 51; 680 NW2d 17 (2004). "A finding is clearly erroneous if it leaves this Court with a definite and firm conviction that the trial court made a mistake." *Rodriguez*, 327 Mich App at 583 (quotation marks and citation omitted). Issues of constitutional law are reviewed de novo. *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011).

## II. ANALYSIS

On appeal, defendant argues the victim identified defendant's voice at the preliminary examination on the basis of impermissibly suggestive procedures, and the trial court erred when it denied defendant's pretrial motion to suppress this testimony. Defendant also asserts the trial court's error substantially prejudiced his ability to present a defense, and rendered his trial constitutionally infirm, entitling him to a retrial or evidentiary hearing on the identification. We disagree.

"Identity of the perpetrator is an element in every criminal case." *People v Galloway*, 335 Mich App 629, 641; 967 NW2d 908 (2020). "Circumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of the crime." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). "[T]his Court has stated that positive identification by witnesses may be sufficient to support a conviction of a crime." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).

"Due process protects criminal defendants against the introduction of evidence of, or tainted by, unreliable pretrial identifications obtained through unnecessarily suggestive procedures." *People v Sammons*, 505 Mich 31, 41; 949 NW2d 36 (2020) (quotation marks and citation omitted). "Exclusion of evidence of an identification is required when (1) the identification procedure was suggestive, (2) the suggestive nature of the procedure was unnecessary, and (3) the identification was unreliable." *Id*. "The fairness of an identification procedure is evaluated in light of the total circumstances to determine whether the procedure was so impermissibly suggestive that it led to a substantial likelihood of misidentification." *Murphy (On Remand)*, 282 Mich App at 584. "Vocal identification evidence is competent if the identifying witness demonstrates certainty . . . in the mind . . . by testimony that is positive and unequivocal." *Id*. (alterations in original). "The credibility of identification testimony is a question for the trier of fact . . . ." *Davis*, 241 Mich App at 700.

"If a witness is exposed to an impermissibly suggestive pretrial identification procedure, the witness' in-court identification will not be allowed unless the prosecution shows by clear and convincing evidence that the in-court identification will be based on a sufficiently independent basis to purge the taint of the illegal identification." *People v Colon*, 233 Mich App 295, 304; 591 NW2d 692 (1998). "The defendant must show that in light of the totality of the circumstances, the procedure used was so impermissibly suggestive as to have led to a substantial likelihood of misidentification." *Id*. "Simply because an identification procedure is suggestive does not mean it is necessarily constitutionally defective." *Id*. "The fact that the prior confrontation occurred during the preliminary examination, as opposed to a pretrial lineup or showup, does not necessarily mean that it cannot be considered unduly suggestive." *Id*. "If the trial court finds that the pretrial procedure was impermissibly suggestive, testimony concerning that identification is inadmissible at trial." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993).

"However, in-court identification by the same witness still may be allowed if an independent basis for in-court identification can be established that is untainted by the suggestive pretrial procedure." *Id*. There are eight factors that a court should use in determining if an independent basis for identification exists:

      1. Prior relationship with or knowledge of the defendant.

      2. The opportunity to observe the offense. This includes such factors as length of time of the observation, lighting, noise or other factor[s] affecting sensory perception and proximity to the alleged criminal act.

      3. Length of time between the offense and the disputed identification . . . .

      4. Accuracy or discrepancies in the pre-lineup or showup description and defendant's actual description.

      5. Any previous proper identification or failure to identify the defendant.

      6. Any identification prior to lineup or showup of another person as defendant.

7. [T]he nature of the alleged offense and the physical and psychological state of the victim . . . .

8. Any idiosyncratic or special features of defendant. [*People v Gray*, 457 Mich 107, 116; 577 NW2d 92 (1998) (first and second alterations in original; quotation marks and citations omitted).]

In this case, the preliminary examination and pretrial Zoom proceedings were undoubtedly "suggestive" atmospheres. See *Sammons*, 505 Mich at 41. At the preliminary examination, defendant appeared in-person with defense counsel, stated his name, and the district court stated the charges against him. The victim pointed to defendant when asked if she saw the carjacker in the courtroom. Before the preliminary examination, the victim viewed as many as three pretrial proceedings involving defendant on Zoom, and heard him speak at some point during these proceedings, after she was sent the information by victim services of the prosecutor's office. Moreover, before identifying defendant at the preliminary examination, the victim had not been shown a lineup or photographs by police.

However, the identification procedure used was not *impermissibly* suggestive and, contrary to defendant's arguments, there were sufficiently independent bases to admit the voice identification of defendant. See *Kurylczyk*, 443 Mich at 303. The victim testified at the preliminary examination and at trial in detail regarding her observations of defendant inside her vehicle. In addition to seeing defendant's eyes and describing his clothing, defendant made multiple statements to the victim, who testified she "never forg[o]t that voice." The victim was also certain the voice she heard when defendant spoke in the Zoom proceedings was the person who carjacked her, stating she "felt very ill because I recognized his voice." Defendant made multiple statements to the victim, which she recalled during her testimony, including that defendant told the victim he robbed a bank and needed to get away, was not going to hurt her, and was not letting her leave the vehicle. The victim stated she heard all these statements "very clearly." In addition, during the carjacking, defendant was within one to two feet of the victim inside of her vehicle for approximately 52 seconds. Despite being "very scared" during the event, the victim had an ample opportunity to observe and hear defendant.

Under the totality of the circumstances, defendant has not shown there was a substantial likelihood of misidentification. See *Colon*, 233 Mich App at 304-305; *Kurylczyk*, 443 Mich at 306. The prosecutor presented clear and convincing evidence of the victim's identification of defendant's voice, which provided a sufficiently independent basis for the identification and was not made on the basis of the suggestive atmosphere of the preliminary examination or the Zoom proceedings. See *Colon*, 233 Mich App at 304 ("Simply because an identification procedure is suggestive does not mean it is necessarily constitutionally defective"). The totality of the circumstances, including the victim's certainty regarding her identification of defendant, supplied sufficient reliability of the voice identification. See *Murphy (On Remand)*, 282 Mich App at 584 ("We find that the totality of the circumstances, combined with Holman's certainty regarding his identification of defendant, supplied sufficient reliability of the voice identification."). To the extent the victim's ability to identify the carjacker was in question, it was the jury's role to determine whether her identification of defendant was worthy of belief. See *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008) ("It is the jury's task to weigh the evidence and decide which testimony to believe.") (quotation marks and citation omitted).

Defendant also argues, in a cursory manner, that the victim's misidentification of defendant using impermissibly suggestive procedures impacted his ability to present a defense and rendered his trial constitutionally infirm. However, defendant does not cite authority or provide meaningful analysis to support this argument. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Konopka*, 309 Mich App 345, 366; 869 NW2d 651 (2015). Because defendant's cursory argument is abandoned for his failure to provide meaningful analysis, this Court need not address the argument. See *id*.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly