# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN EDWARD COOK,

        Defendant-Appellant.

UNPUBLISHED
October 22, 2015

No. 322206
Clare Circuit Court
LC No. 13-004626-FH

Before: M. J. KELLY, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

Defendant pleaded guilty to delivering morphine, MCL 333.7401(2)(b)(*ii*). The trial court sentenced him as a third-offense habitual offender, MCL 769.11, to 12 months in jail and 24 months of probation. The trial court ordered defendant to pay $300 in restitution, $136 in state costs, a crime victim's assessment fee of $130, $500 in court costs, a $500 fine, and $500 in court-appointed attorney fees. This Court granted defendant's delayed application for leave to appeal, *People v Cook*, unpublished order of the Court of Appeals, issued July 17, 2013 (Docket No. 322206), limited to defendant's challenges to certain costs and fines. For the reasons set forth below, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

First, defendant contends that the trial court erred in imposing a $500 fine at sentencing. We agree. "The fine was clearly not a part of the sentencing agreement, and the defendant was not offered the opportunity to withdraw his plea after the fine was imposed as part of the sentence." *People v Morse*, 480 Mich 1074, 1074; 744 NW2d 169 (2008). Accordingly, like in *Morse*, we remand this matter "for the trial court to correct the judgment of sentence by deleting the . . . fine." *Id.*

Defendant also argues that the trial court erred in imposing court costs because it was without authority to do so. We disagree. This case is indistinguishable from *People v Konopka (On Remand)*, 309 Mich App 345, 350; ___ NW2d ___ (2015), where this Court held "that the trial court possessed the authority under MCL 769.1k, as amended by 2014 PA 352, to order [a] defendant to pay court costs." We explained that, under MCL 769.1k(1)(b)(*iii*), a trial court has the independent authority to impose costs, and that statute "applies to all fines, costs, and assessments under MCL 769.1k before June 18, 2014, . . . and after . . . the effective date of the amendatory act." *Id.* at 357, citing 2014 PA 352. Defendant was sentenced, and the costs were

-1-

imposed, on December 16, 2013. Accordingly, the trial court had authority, namely MCL 769.1k(1)(b)(*iii*), to impose costs in this matter.

However, again like in *Konopka*, "without a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)(*iii*)." *Konopka*, 309 Mich App at 359-360. Consequently, we must remand this matter "to the trial court to establish whether the court costs imposed were 'reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case,' MCL 769.1k(1)(b)(*iii*), as amended by 2014 PA 352, or to adjust that amount as may be appropriate." *Id*. at 350-351.

Although defendant also claims that "[a]t the time the court imposed the sentence from the bench, it did not impose restitution; there was no mention at all of restitution," at sentencing the trial court explicitly stated to defendant that: "You must pay restitution of $300.00." Defendant's argument flies in the face of the facts.

Defendant additionally argued in his brief that the 20-percent late fee provided for in MCL 600.4803 is, for a variety of reasons, unconstitutional. However, after oral argument before this Court, defendant informed the Court that all fees and fines have been paid and no late fee was charged. Accordingly, this argument is not ripe for review. See *People v Jackson*, 483 Mich 271, 297-298; 769 NW2d 630 (2009).

Finally, defendant argues that his trial counsel was ineffective in failing to raise the arguments discussed above. However, in light of our resolutions on the merits of those claims above, defendant's ineffective assistance arguments do not warrant further relief.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro

-2-