# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 22, 2015

Plaintiff-Appellee,

v

No. 323455
Otsego Circuit Court
LC No. 14-004798-FC

JAMES ANDERSON CHEATOM,

Defendant-Appellant.

Before: GADOLA, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his conviction by plea of delivery of less than 50 grams of a controlled substance (heroin), MCL 333.7401(2)(a)(*iv*). Defendant was sentenced as a second habitual offender, MCL 769.10, to 40 months to 30 years' imprisonment for his conviction. We affirm defendant's conviction and remand for further proceedings consistent with this opinion.

Defendant argues that the trial court did not have authority to impose court costs. We agree that the trial court lacked independent statutory authority to impose costs pursuant to MCL 769.1k(1)(b)(*ii*), but further hold that the trial court may impose costs pursuant to MCL 769.1k(1)(b)(*iii*). We reject defendant's argument that application of the amended version of MCL 769.1k(1)(b)(*iii*) violates the ex post factor clause of the Constitution or constitutes an unconstitutional tax.

A defendant must object when the trial court orders a defendant to pay costs and attorney fees. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). Defendant failed to object when the trial court ordered him to pay court costs. Therefore, this issue is unpreserved. This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

---

[1] *People v Cheatom*, unpublished order of the Court of Appeals, entered October 16, 2014 (Docket No. 323455).

Defendant contends that the trial court erred in imposing court costs because the trial court did not have independent authority for the imposition of costs, as required by *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014). In *Cunningham*, our Supreme Court held that the former version of MCL 769.1k(1)(b)(*ii*) provided courts with the authority to impose only those costs that were separately authorized by statute. *Id*. at 154. In this case, the imposition of court costs was not separately authorized by statute, as required by *Cunningham*.

Nonetheless, the trial court's imposition of court costs is authorized by the amended version of MCL 769.1k(1)(b)(*iii*). On October 17, 2014, the Legislature amended MCL 769.1k to allow a trial court to impose any costs reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case. MCL 769.1k(1)(b)(*iii*). This amended version became effective on October 17, 2014, and applies to all fines, costs, and assessments under MCL 769.1k before June 18, 2014, and after the effective date of the amendatory act. *Konopka*, 309 Mich App at 357, citing 2014 PA 352. Defendant was sentenced on March 3, 2014. Accordingly, the amended version of MCL 769.1k applies.

The amended version of MCL 769.1k(1)(b) provides, in relevant part:

(b) The court may impose any or all of the following:

* * *

(*iii*) Until 36 months after the date the amendatory act that added subsection (7) is enacted into law, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

In this case, the trial court imposed court costs without explanation. Although the court costs do need to be separately calculated, MCL 769.1k(1)(b)(*iii*), the trial court must establish a factual basis under the statute for the costs imposed. *Konopka*, 309 Mich App at 359. "[W]ithout a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs, as required by MCL 769.1k(1)(b)(*iii*)." *Id*. at 359-360. Therefore, we remand to the trial court to establish a factual basis of the court costs imposed.

Defendant also argues that the costs are punishment and thus violate the Ex Post Facto Clauses of the Michigan and United States Constitutions. However, *Konopka* held that the "court costs imposed under MCL 769.1k(1)(b)(*iii*) are not a form of punishment." *Id*. at 370. Rather, the Court concluded, the costs are intended to be a civil remedy. *Id*. at 373. Accordingly, we reject defendant's claim.

Defendant asserts that the costs imposed are an unconstitutional tax. Defendant notes that a fee is "exchanged for a service rendered or a benefit conferred, and some reasonable relationship exists between the amount of the fee and the value of the service or benefit," while a "tax, on the other hand, is designed to raise revenue." *Bolt v City of Lansing*, 459 Mich 152, 161; 587 NW2d 264 (1998) (citations and internal quotation marks omitted). Because the costs at issue must be "reasonably related to the actual costs incurred by the trial court," MCL 769.1k(1)(b)(*iii*), they constitute a fee, not a tax. For this reason, defendant's argument that the amended statute violates the separation of powers of the Michigan Constitution because the court, rather than the Legislature, imposes the "tax" on defendants in the form of court costs fails.

Defendant's conviction is affirmed. We remand to the trial court to establish a factual basis of the court costs imposed. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood