# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THOMAS JAMES MCCRACKIN,

        Defendant-Appellant.

UNPUBLISHED
January 19, 2016

No. 323833
Livingston Circuit Court
LC Nos. 13-021682-FH;
        13-021712-FH;
        13-021713-FH;
        13-021714-FH

Before: SHAPIRO, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

Defendant, Thomas James McCrackin, appeals by leave granted his sentences following guilty pleas in four cases. In LC No. 13-021682-FH, defendant pleaded guilty to breaking and entering with intent to steal, MCL 750.110, and in LC Nos.13-021712-FH, 13-021713-FH, and 13-021714-FH, defendant pleaded guilty to first-degree home invasion, MCL 750.110a(2). The trial court sentenced defendant to serve 57 months' to 10 years' imprisonment for his breaking and entering conviction and 105 months' to 20 years' imprisonment for each home invasion conviction. It also imposed $1,200 in court costs in each of the four files, $800 in attorney fees on the breaking and entering file, and $880 in attorney fees on each of the first-degree home invasion files. We affirm defendant's sentence and the trial court's decision to impose costs and attorney fees, but we reverse its determination of the amounts and remand for the trial court to establish a factual basis for the costs and fees it imposed.

## I. FACTUAL BACKGROUND

Defendant admitted that he entered a barn with intent to steal and entered three homes to steal firearms. The trial court accepted his plea and sentenced defendant as previously described. Defendant moved the trial court to vacate its cost and attorney fee assessments under *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014), arguing that the costs and fees were excessive. The trial court denied defendant's motion. It reasoned that defendant had "a fistful of files" that required work from the court and that the public defender "puts a lot of time in the cases that he works on; competent lawyer; well[-]versed in what he does . . . ." It concluded that the assessed costs and attorney fees were not excessive.

## II. STANDARD OF REVIEW

-1-

This Court reviews de novo issues of statutory interpretation. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). "[S]trictly legal challenges to the imposition of fees and costs under MCL 769.1k . . . must be preserved when the trial court imposes the fee." *People v Jackson*, 483 Mich 271, 292 n 18; 769 NW2d 630 (2009). Challenges after that point are unpreserved. *Id*. In this case, defendant did not challenge the fees and costs at sentencing, and these issues are unpreserved. We review unpreserved issues for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error is plain if it is clear or obvious. *Id*. It affects the defendant's substantial rights if it affects the outcome of the case. *Id*.

III. ANALYSIS

Defendant contends that the trial court erred by ordering costs and attorney fees when it had no statutory basis for imposing such fees. We disagree.

In criminal cases, the court may only impose costs that are authorized by statute. *Cunningham*, 496 Mich at 149. Former MCL 769.1k(1)(b)(*ii*) provided "courts with the authority to impose only those costs that the Legislature has separately authorized by statute," and it was not a general grant of independent authority. See *id*. at 147. Neither the breaking and entering statute nor the first-degree home invasion statute independently authorizes imposing court costs. See MCL 750.110; MCL 750.110a.

In response to *Cunningham*, the Legislature amended MCL 769.1k. See *People v Konopka* (*On Remand*), 309 Mich App 345, 357; 869 NW2d 651 (2015). MCL 796.1k(1)(b) provides in pertinent part that a defendant who pleads guilty is subject to costs that include the following:

> (*iii*) . . . any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:
>
>> (A) Salaries and benefits for relevant court personnel.
>>
>> (B) Goods and services necessary for the operation of the court.
>>
>> (C) Necessary expenses for the operation and maintenance of court buildings and facilities.
>
> (*iv*) The expenses of providing legal assistance to the defendant.

This amendment "independently authorizes the imposition of costs in addition to those costs authorized by the statute for the sentencing offense." *Konopka*, 309 Mich App at 358.

In this case, the trial court sentenced defendant on March 6, 2014. The amendments to MCL 769.1k apply to all costs ordered or assessed under MCL 769.1k before June 18, 2014. *Konopka*, 309 Mich App at 365. Accordingly, as amended, the statute permitted the trial court to impose the costs and attorney fees in this case. We conclude that the trial court did not plainly err by ordering defendant to pay costs and attorney fees.

Defendant also contends that the trial court erred by failing to articulate a sufficient basis for the amount of fees and costs that it imposed. We agree.

Costs must be "reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case . . . ." MCL 769.1k(1)(b)(*iii*). In this case, the sentencing court summarily ordered the fees without establishing a factual basis showing the relationship between the fees and the actual costs incurred by the court.[1] While the trial court need not calculate the costs specific to defendant's case, its assessment of costs must be reasonably related to its actual costs.

Additionally, while exclusionary language in subparagraph (*iii*) permits the trial court to assess costs without separately calculating the costs for the particular case, the attorney fee provision in subparagraph (*iv*) does not include the same language. When the Legislature includes language in one part of a statute that it omits in another, we assume that the omission was intentional. *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011). We conclude that the trial court must determine the expense of providing legal services to the particular defendant when assessing fees under MCL 769.1k(1)(b)(*iv*). In this case, nothing in the record establishes the actual expenses of providing legal assistance to defendant: there is no bill for services, testimony about the number of hours defense counsel expended, or discussion of counsel's reasonable hourly fee. On remand, the trial court shall support its findings regarding the expense of providing legal assistance to defendant.

We affirm in part, reverse in part, and remand for further proceedings. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello

---

[1] We note that the trial court rendered its decision on September 4, 2014, before the Legislature amended MCL 769.1k(1)(b) on October 17, 2014, and it did not have the benefit of the statutory language that now applies to defendant's case. However, error is plain at the time of appellate review, not at the time of the trial court's decision, even if the trial court was correct at the time but subsequently became incorrect due to a change in law. *Henderson v US*, ___ US ___, ___; 133 S Ct 1121, 1128-1129; 185 L Ed 2d 85 (2013).