# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

COREY RAY TOWLES,

        Defendant-Appellant.

UNPUBLISHED
February 9, 2016

No.   324026
Ingham Circuit Court
LC No.   13-001088-FH

Before:  BOONSTRA, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of breaking and entering with intent to commit a felony, MCL 750.110.  The trial court sentenced defendant to 18 to 120 months' imprisonment and ordered him to pay $11,192.83 in costs and fees, including $635 in court costs.  Defendant now appeals only the imposition of court costs by delayed leave granted.[1]  We affirm.

Defendant argues in his brief on appeal that because plaintiff had no objection to vacating the court costs when the issue was raised below, it cannot now take a contrary position.  See *Blazer Foods, Inc v Rest Prop, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003) ("A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court.").  However, as plaintiff points out, the law changed after it responded below, as the Legislature thereafter amended MCL 769.1k and gave the amendment retroactive effect.  There is no reason why plaintiff's legal argument cannot change when the law itself has changed.  We therefore decline to grant defendant relief on that basis, and will evaluate on its merits the issue of whether the trial court properly imposed court costs.

Defendant argues that MCL 769.1k, as interpreted by *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014), did not provide the trial court with statutory authority to impose court costs at sentencing.  Further, he argues, the Legislature's post-*Cunningham* amendment of § 1k, 2014 PA 352, cannot be given retroactive effect because to do so would violate the state

---

[1] *People v Towles*, unpublished order of the Court of Appeals, entered November 21, 2014 (Docket No. 324026).

-1-

and federal Ex Post Facto Clauses. We disagree. We review issues of statutory interpretation de novo. *People v Earl*, 495 Mich 33, 36; 845 NW2d 721 (2014).

Resolution of this issue is directly controlled by this Court's recent published decision in *People v Konopka (On Remand)*, 309 Mich App 345; 869 NW2d 651 (2015). *Konopka* explains:

> If the Legislature had not amended MCL 769.1k, the cost award in this case would have been invalid under *Cunningham*. . . .
>
> However, the trial court's cost award is authorized by the amended version of MCL 769.1k(1)(b)(*iii*). This amended version became effective on October 17, 2014, and applies to all fines, costs, and assessments under MCL 769.1k before June 18, 2014, and after the effective date of the amendatory act. The amended act was a curative measure to address the authority of courts to impose costs under MCL 769.1k before the issuance of *Cunningham*. " 'When a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly.' " [*Id*. at 356-357 (citations omitted).]

Because the trial court sentenced defendant on February 12, 2014, the imposition of court costs was authorized and valid.

This Court in *Konopka* also held that the costs imposed under MCL 769.1k(b)(*iii*) are not a form of punishment. *Id*. at 370. Further, the Court concluded that the costs provision in MCL 769.1k(1)(b)(*iii*) is not "so punitive in purpose or effect that it negates the Legislature's civil intent." *Id*. at 376. Therefore, the retroactive application of court costs does not violate the Ex Post Facto Clauses of the Michigan and United States Constitutions. *Id*.

Affirmed.

/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray