# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 18, 2016

Plaintiff-Appellee,

v

No. 324139
Wayne Circuit Court
LC No. 14-001526-FC

NICHOLAS LAYNE MCCOY,

Defendant-Appellant.

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his guilty plea convictions of child sexually abusive activity (CSAA), MCL 750.145c(2), and second-degree criminal sexual conduct (CSC-II), MCL 750.520c. Defendant was sentenced to 13 to 20 years' imprisonment for the CSAA conviction and 10 to 15 years' imprisonment for the CSC-II conviction. Defendant was also assessed court costs of $600. We affirm defendant's convictions and sentences, but remand the case to the trial court to complete an amended judgement of sentence vacating the $600 in court costs.

The factual basis for the guilty plea was an October 2012 incident, in which defendant touched a 12-year-old child on the buttocks for a sexual purpose. In addition to being sentenced to terms of imprisonment, defendant was assessed $600 in court costs. Defendant's sole contention on appeal is that the $600 in court costs should be vacated because the court costs were not authorized by a specific legislative act. We agree.

A defendant must object to the assessment of costs when they are imposed in order to preserve the issue for appellate review. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). Defendant failed to object to the trial court's assessment of court costs at sentencing. Therefore, this issue is unpreserved. See *id*. We review the unpreserved issue for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements

---

[1] *People v McCoy*, unpublished order of the Court of Appeals, entered December 9, 2014 (Docket No. 324139).

-1-

must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. This third requirement is satisfied if the defendant can demonstrate prejudice, i.e., that the error affected the outcome of the lower court proceedings. *Id*. If the defendant satisfies these three requirements, this Court will only grant reversal "when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763 (citation and quotation marks omitted; alteration in original).

Prior to an October 17, 2014 amendment, MCL 769.1k provided that a trial court had the authority to impose "[a]ny cost in addition to the minimum state cost set forth in subdivision (a)." MCL 769.1k(1)(b)(*ii*), as amended by 2005 PA 316. The Michigan Supreme Court addressed the meaning of this language in *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014), superseded by statute as stated in *Konopka (On Remand)*, 309 Mich App 345. The Court held that the statute "does not provide courts with the independent authority to impose 'any cost.' " *Cunningham*, 496 Mich at 154. Instead, the Court held that the statute "provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute." *Id*.

After the Court's decision in *Cunningham*, the Legislature amended MCL 769.1k(1) to state:

> If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred pursuant to statute or sentencing is delayed pursuant to statute:
>
> (a) The court shall impose the minimum state costs as set forth in section 1j of this chapter.
>
> (b) The court may impose any or all of the following:
>
> (*i*) Any fine authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.
>
> (*ii*) Any cost authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.
>
> (*iii*) Until 36 months after the date the amendatory act that added subsection (7) is enacted into law, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:
>
> (A) Salaries and benefits for relevant court personnel.
>
> (B) Goods and services necessary for the operation of the court.

     (C) Necessary expenses for the operation and maintenance of court buildings and facilities.

     (*iv*) The expenses of providing legal assistance to the defendant.

     (*v*) Any assessment authorized by law.

     (*vi*) Reimbursement under section 1f of this chapter.

The amended act "applies to all fines, costs, and assessments ordered or assessed under section 1k . . . before June 18, 2014, and after the effective date of this amendatory act." 2014 PA 352, enacting § 1. The effective date of the amendatory act is October 17, 2014. 2014 PA 352.

     Defendant argues that applying the amended version of MCL 769.1k to his case would violate the Ex Post Facto Clause of the United States and Michigan Constitutions because the costs are a form of punishment that were not authorized at the time defendant committed his offenses. However, this Court already held in *Konopka* that the amended act is not a form of punishment and that applying it retroactively does not violate the Ex Post Facto Clause. *Konopka (On Remand)*, 309 Mich App at 370, 372-376.

     While the Ex Post Facto Clause does not bar application of the amended statute to defendant, the language in the act that amended the statute clearly states that it does not apply to defendant. The first enacting section of 2014 PA 352, the act that amended MCL 769.1k, states that the act only applies to "fines, costs, and assessments ordered or assessed under section 1k . . . before June 18, 2014, and after the effective date of this amendatory act." 2014 PA 352, enacting § 1. The $600 in court costs were assessed to defendant on June 19, 2014, i.e., one day after June 18, 2014, and before October 17, 2014, the effective date of the amendatory act. Therefore, the amended statute does not apply to defendant's court costs. See *id*. Without the amended statute, the trial court did not have the statutory authority to impose general court costs against defendant. Therefore, it was plain error for the court to impose court costs. See *id*.; *Carines*, 460 Mich at 763.

     We remand to the trial court to complete an amended judgement of sentence vacating the $600 in court costs. In all other respects, we affirm. We do not retain jurisdiction.

                        /s/ Elizabeth L. Gleicher
                        /s/ Kathleen Jansen
                        /s/ Douglas B. Shapiro