# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LASAIL D. HAMILTON,

        Defendant-Appellant.

UNPUBLISHED
October 18, 2016

No. 327608
Macomb Circuit Court
LC No. 2014-003710-FH

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

    Defendant, Lasail D. Hamilton, was convicted by a jury of possession of a firearm by a felon (felon-in-possession), MCL 750.224f, careless discharge of a firearm causing injury or death (discharging-a-firearm-causing-injury), MCL 752.861, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and sentenced to concurrent prison terms of 14 months to 5 years for the felon-in-possession conviction and one to two years for the discharging-a-firearm-causing-injury conviction as well as to a consecutive prison term of two years for the felony-firearm conviction. He appeals as of right his April 22, 2015 judgment of sentence. We affirm his convictions and sentences but remand for further proceedings to address defendant's challenge to the trial court's imposition of $600 in court costs.

    On appeal, defendant first argues that "the trial court abused its discretion by improperly precluding defendant from asserting an alibi defense and granting a continuance of trial where there was neither a serious abuse of the right to assert the defense by defendant nor prejudice to the people's case." We disagree.

    At the outset, we must point out that defendant's argument is premised on factual inaccuracies. Defendant *did* present alibi testimony—his own. Specifically, he testified that he was not present at the scene of the crime.[1] Thus, we cannot agree that the trial court precluded

---

[1] Defendant denied that he had "anything to do with" the shooting. Instead, defendant explained, he "was at [his] cousin's house playing video games, helping him baby-sit." Defendant also testified that the victim was currently incarcerated for armed robbery, that the victim was lying about the situation, that he had never owned or possessed a firearm, that he was not at the school

-1-

defendant from presenting alibi testimony. Nevertheless, we will address the essence of defendant's argument on appeal, i.e., that the trial court abused its discretion in failing to grant a continuance to obtain alibi testimony from two other witnesses.[2]

A trial court's decision to preclude alibi testimony due to a defendant's failure to comply with the notice requirements under MCL 768.20(1) is reviewed for an abuse of discretion. *People v Travis*, 443 Mich 668, 679-680; 505 NW2d 563 (1993). A trial court abuses its discretion when its decision falls beyond the range of principled outcomes. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Waterstone*, 296 Mich App 121, 132; 818 NW2d 432 (2012).

In this case, it is undisputed that defendant failed to comply with the notice requirements under MCL 768.20(1), which require a defendant to file a notice of his or her intent to present alibi testimony at least ten days before trial. Because he failed to do so, MCL 768.21(1) mandates ("shall") that the trial court exclude that testimony. Our Supreme Court has explained that, under MCL 768.21(1), a trial court nevertheless has the discretion "to fix the timeliness of notice in view of the circumstances." *Travis*, 443 Mich at 679. In determining whether it should do so, trial courts should consider the following: (1) any prejudice suffered by the prosecution as a result of defendant's failure to timely disclose his or her alibi defense, (2) the reason for defendant's failure to do so, (3) the extent to which the prejudice was mitigated by subsequent events, (4) the weight of the properly admitted evidence against defendant, and (5) any other relevant factors. *Id*. at 682.

Here, as indicated above, defendant admittedly failed to comply with MCL 768.20(1). He sought to present the alibi testimony of two witnesses four or five days before the start of trial. After a discussion between the trial court, the prosecution, and the defense, the trial court granted defendant up to $750 to retain an investigator to find the alibi witnesses. Additionally, the prosecution also offered to, and in fact did, devote significant resources in an attempt to locate these witnesses as well. They were never found. Aside from these facts, which certainly support the trial court's decision, the factors set forth above support the trial court's decision, not defendant's argument. First, considering the fact that the request was made shortly before trial, the prosecution would have been prejudiced in that it would not have had an opportunity to learn or rebut these witnesses' testimony prior to trial. Second, defendant offered absolutely no explanation for his delay in seeking to present an alibi defense, which supported the trial court's conclusion that his request was an "incredulous" delay tactic. Third, any prejudice was obviously not mitigated in light of the fact that the witnesses were never found. Fourth, the weight of the evidence admitted against defendant was great, and, considering the witnesses could not be found, it is impossible to know whether the alibi testimony would have made any

_____

at the time of the shooting, that he was not the individual in the surveillance video, and that he knew the person who actually shot the victim.

[2] Defendant did not expressly request a continuance before the trial court. While he expressed his desire to present two witnesses' alibi testimony, he acknowledged that he and the prosecution were unable to find the witnesses and ultimately left it in the trial court's "hands" to decide what to do.

difference.[3]  Accordingly, the trial court's decision to deny a continuance was not beyond the range of principled outcomes.

Defendant also argues on appeal that he was deprived of his constitutional right to effective assistance of counsel because defense counsel failed to object to testimony regarding his prior felony conviction.[4]  We disagree.

Ineffective-assistance claims present a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).  A trial court's findings of fact are reviewed for clear error.  *Id*.  Questions of constitutional law are reviewed de novo.  *Id*. However, because defendant did not adequately preserve his ineffective-assistance claim, our review is limited to mistakes apparent on the record.  *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014).

Criminal defendants have a right to the effective assistance of counsel under both the United States and Michigan constitutions.  US Const, Am VI; Const 1963, art 1, § 20.  To prevail on an ineffective-assistance claim, a defendant must show that defense counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for defense counsel's error, the result of the proceeding would have been different.  *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), citing *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).  "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise."  *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012) (citation and internal quotation marks omitted).

In this case, defendant claims that defense counsel should have objected to testimony regarding his previous felony conviction because it was inadmissible under MRE 609, which governs impeachment testimony.  However, the testimony regarding his previous felony

---

[3] At trial, the victim, who testified that he was defendant's friend and had "[b]een hanging out with him for a very long time," testified that he and defendant were smoking marijuana in a vehicle together in a school parking lot on the day in question when he was shot in the back. Moreover, the friend's mother testified that defendant admitted shooting her son:  "He said I made a mistake and shot your son."  After admitting this, defendant apparently fled the scene on foot.  Video surveillance showed defendant fleeing the scene as well.  Finally, a single bullet was found in the vehicle where defendant carelessly discharged the firearm.  According to an evidence technician that processed the vehicle where the friend was shot, "the bullet traveled from the back toward the front of the vehicle, more specifically from the back center area toward the front left portion of the car, vehicle, in the front seat."  The friend testified that he was in the driver's seat and that defendant was in the back seat when he was shot.  The technician was clear that, "[f]rom the evidence of the vehicle, it appeared to be that it had to be discharged inside the vehicle."

[4] The prosecution admitted, without objection, a certified record of defendant's criminal history, and a police officer testified that it indicated that defendant was convicted of third-degree home invasion in 2012.

conviction was not offered under MRE 609; rather, it was offered to prove an element of one of the charged offenses: felon-in-possession. As the prosecution contends on appeal, it was required to prove beyond a reasonable doubt that defendant had been convicted of a felony. See MCL 750.224f. Any objection by defense counsel thus would have been meritless, and defense counsel is not required to make a meritless objection. *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014). Accordingly, defendant was not deprived of his constitutional right to effective assistance of counsel.

Defendant additionally argues on appeal that he is entitled to a hearing on his present ability to pay court-ordered attorney fees. We disagree.

Because this issue was not raised before the trial court, it is unpreserved and reviewed for plain error affecting defendant's substantial rights. *People v Kowalski*, 489 Mich 488, 506; 803 NW2d 200 (2011). In order to show plain error, defendant must establish "(1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights." *Id*. at 506. Even if a defendant satisfies all three requirements, reversal is warranted only when the plain error "resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (citation and internal quotation marks omitted).

Courts may impose the cost "of providing legal assistance to the defendant" if a defendant is found guilty following a trial. MCL 769.1k(b)(*iv*). In *People v Jackson*, 483 Mich 271, 290; 769 NW2d 630 (2009), our Supreme Court recognized that a defendant is entitled to notice and an opportunity to be heard regarding the *enforcement* of the imposition of fees and costs. It was clear in explaining that a court is not required to conduct an ability-to-pay assessment until the time that it attempts to *enforce* its imposition of a fee for a court-appointed attorney under MCL 769.1k. *Id*. at 292. Thus, "trial courts should not entertain defendant's ability-to-pay-based challenges to the imposition of fees until enforcement of that imposition has begun." *Id*.

In this case, defendant does not point to, and we cannot find, anything in the record that suggests that the costs and fees imposed against defendant have been enforced. Accordingly, defendant's claim in this regard is premature.

Defendant's final argument involves the reasonableness of the trial court's imposition of $600 in court costs against defendant. He claims, and the prosecution concedes, that a remand is necessary to allow the trial court an opportunity to establish a factual basis for the amount of costs imposed or, if appropriate, re-determine the amount of costs imposed. See MCL 769.1k(1)(b)(*iii*); see also *People v Konopka (On Remand)*, 309 Mich App 345, 358-360; 869 NW2d 651 (2015). We agree and thus do so.

In sum, we affirm defendant's convictions and sentence but remand for further

proceedings for the trial court to either establish a factual basis for the $600 in court costs or re-determine that amount if necessary.  We do not retain jurisdiction.


/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien