# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MONICA MARIE STEVENS,

      Defendant-Appellant.

FOR PUBLICATION
November 29, 2016
9:05 a.m.

No. 328097
Shiawassee Circuit Court
LC No. 14-006595-FH

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

GLEICHER, J.

A jury convicted Monica Stevens of third-offense operating while intoxicated, MCL 257.625. The trial court departed upward from the guidelines and sentenced Stevens to 22 to 90 months' imprisonment. The court also ordered defendant to pay a total of $1,472, including $774 in court costs. We now remand for proportionality review as required by *People v Steanhouse*, 313 Mich App 1, 46-49; 880 NW2d 297 (2015), and for the trial court to articulate a factual basis for its imposition of costs.

## I. BACKGROUND

On the evening of September 20, 2014, a passerby found Stevens behind the driver's seat of her vehicle, which was in a ditch alongside a roadway. Stevens admitted that she had been drinking for approximately nine hours. The Good Samaritan testified that Stevens smelled strongly of alcohol, was slurring her speech, and stumbled her way out of the vehicle. A responding officer reported that Stevens failed several field sobriety tests, and a breathalyzer test indicated that her blood alcohol level was .25. Stevens denied that she drove that evening. She testified that she fell asleep at her ex-husband's house and awoke in her car with no memory of how she got there. She claimed that her ex-husband drove her to the scene and then placed her in the driver's seat. The jury rejected this explanation and convicted Stevens as charged.

Before sentencing, the Department of Corrections scored all applicable offense and prior record variables and determined that Stevens' then-mandatory minimum sentencing guidelines range was 0 to 13 months. The trial court departed upward from the guidelines, sentencing Stevens to 22 to 90 months' imprisonment. In doing so, the court explained:

> Miss Stevens, I spent a lot of time on your case, and the Court staff will tell you that I took great care into fashioning a Sentence for you that I think is

appropriate, and I don't think zero to 13 adequately handles this matter. I think that your matter presents substantial and compelling reasons to depart upwards from the recommended guideline range. Your prior record variables are scored at 15 points based on two prior misdemeanor convictions and two prior low severity convictions. The guidelines in your case . . . don't adequately account for the following factors that the Court relies on in performing an upward departure.

You've had two previous convictions of OUIL Third. This is your third, third. You've had extensive histories of alcohol related crimes, Miss Stevens. You've had a total of five OUILs, with a sixth that was dismissed in September of the year 2000. As I already mentioned, your blood alcohol level was [.]29.[1] The legal limit in the State of Michigan is [.]08, you were over three times the legal limit.

* * *

What's important is that this is your third felony for drunk driving, that's what's important.

Your previous and persistent failure to rehabilitate is important. Five previous courses of substance abuse counseling, four of which says you completed and were successful, yet you returned to drinking. Your prospects for rehabilitation are further lowered based on the fact that you've undergone community service for OUIL, work release, tether, and jail time. These previous sanctions along with the treatment that we've already talked about, has little positive effect on you, Miss Stevens.

You admit no responsibility in your description of this offense. In fact, you've argued that you're framed. I'm not basing your Sentence on this, not at all. I'm just pointing it out so this record reflects that, well, it further supports that rehabilitation is not a likely outcome. You're unlikely to rehabilitate, because you don't believe that you've done anything wrong. That suggests the need to emphasize punishment, and to protect society as primary goals for this Sentence.

And Miss Stevens, any one of these factors that this court just placed on the record would keenly and irresistibly grab this Court's attention to the extent that the Court would be compelled to depart upward.

---

[1] It is unclear from the record where the trial court gleaned this number; the evidence at trial supported a .25 blood alcohol level.

* * *

The Sentence I'm imposing is more proportional to this offense, because it accurately reflects the aggravating factors I've already discussed, and the need to impose a more severe sanction than those you've already faced.

Stevens now appeals her sentence.

## II. DEPARTURE SENTENCE

July 29, 2015 marked a sea change in Michigan's sentencing jurisprudence. On that day, the Michigan Supreme Court ruled that the mandatory minimum sentence ranges of the legislative sentencing guidelines were unconstitutional as they required sentencing based on judicially found facts. *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015). To remedy this deficit, the Court severed the mandatory sentencing provisions and rendered the guidelines advisory only. *Id.*

In relation to departure sentences, *Lockridge*, 498 Mich at 392, instructed that appellate courts must conduct a reasonableness review. As noted by the dissent, the Supreme Court stated in *Lockridge*, 498 Mich at 394, that a defendant cannot establish plain error supporting relief where the court imposed an upwardly departing sentence and explained its reasons on the record. However, in *Steanhouse*, 313 Mich App at 46-49, this Court held that when a trial court imposed a departure sentence before the resolution of *Lockridge*, we must remand for proportionality review pursuant to *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), utilizing the procedure set forth in *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

In *People v Masroor*, 313 Mich App 358, 373; 880 NW2d 812 (2015), a panel of judges requested the convention of a conflict panel to resolve a difference of opinion with *Steanhouse*. The vote fell short, however, and *Steanhouse* remains binding precedent. See *People v Masroor*, unpublished order of the Court of Appeals, entered December 18, 2015 (Docket Nos. 322280, 322281, 322282). Accordingly, even if this Court believes a defendant's pre-*Lockridge* departure sentence is reasonable and adequately supported by the trial court's record statements, we must remand to allow the defendant an opportunity to reiterate his or her request for resentencing and then for continued proceedings consistent with *Crosby*. We are not permitted to presume that the lower court would have embarked on the same reasoning had it been aware that its judgment was controlled by *Milbourn*'s reasonableness analysis. Nor are we permitted to disregard the binding precedent of this Court.

Although the trial court in this case went to great lengths to support its sentencing decision, it did so on the assumption that the guidelines were mandatory and any departure had to be based on substantial and compelling reasons that keenly and irresistibly grabbed the court's attention. The court did not specifically consider, as required by *Steanhouse*'s readoption of the *Milbourn* standard, whether the sentence imposed was "proportionate to the seriousness of the circumstances of the offense and the offender." *Milbourn*, 435 Mich at 636. We are bound to remand this case to the trial court pursuant to *Steanhouse*.

-3-

## III. COSTS

Stevens also contends that the trial court improperly ordered her to pay $774 in unspecified court costs, in violation of MCL 769.1k. MCL 769.1k(b)(*iii*), as amended by 2014 PA 352, allows trial courts to impose state costs against a criminal defendant "if reasonably related to the actual costs incurred by the trial court. . . ." Under this statute, trial courts must "establish a factual basis" from which this Court can "determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court." *People v Konopka (On Remand)*, 309 Mich App 345, 359-360; 869 NW2d 651 (2015). The prosecution agrees that the trial court did not establish this factual basis in this case and that remand is necessary.

Accordingly, we remand for further sentencing proceedings consistent with *Lockridge*, *Crosby*, and *Steanhouse*, and for the trial court to articulate a factual basis for its imposition of costs. We do not retain jurisdiction.


/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause