*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARK SHAKKURI,

        Defendant-Appellant.

UNPUBLISHED
November 14, 2019

No. 345666
Oakland Circuit Court
LC No. 2018-265668-FH

Before: M. J. KELLY, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

A jury convicted defendant of interfering with an electronic communication, MCL 750.540(5)(a), for which the trial court sentenced him to two days in jail with credit for two days served, and 18 months' probation. Defendant appeals as of right. We affirm defendant's conviction and sentence, but remand for further proceedings to allow the trial court to establish a factual basis for the amount of court costs imposed, or to modify that amount if appropriate.

Defendant's conviction arises out of a domestic dispute during which defendant allegedly obstructed his wife, Noura Shakkuri, from summoning the police to their Troy home. The prosecution presented evidence that, after defendant became angry with Noura and picked up a small knife, Noura retrieved a landline phone, walked into their children's bedroom, and called 911. Defendant followed her into the room, grabbed the phone from her hand, and ended the call. When the 911 operator called back, defendant again ended the call, stating that there was no emergency. Ultimately, Noura was able to retrieve her cell phone and successfully complete a call to 911. While Noura was on the phone with the 911 operator, defendant left the house. At trial, defendant denied any wrongdoing, claiming that he did not end the call because Noura was calling the police, and that there was no emergency. The jury acquitted defendant of a charge of felonious assault, MCL 750.82, but found him guilty of interfering with an electronic communication.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecution failed to present sufficient evidence to prove beyond a reasonable doubt that he prevented Noura from calling 911 to sustain his conviction of interfering with electronic communications. We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). When ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). This Court will not interfere with the trier of fact's role of determining issues of weight and credibility. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Rather, "a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

MCL 750.540(4) provides:

> A person shall not willfully and maliciously prevent, obstruct, or delay by any means the sending, conveyance, or delivery of any authorized communication, by or through any telegraph or telephone line, cable, wire, or any electronic medium of communication, including the internet or a computer, computer program, computer system, or computer network.

Noura testified that, after defendant "got mad" and pulled a knife from a kitchen cabinet—in the presence of their children—Noura became scared, picked up a cordless landline phone, and called 911. She walked from the kitchen to a bedroom, and defendant followed her with the knife in his hand. As she was talking to the 911 operator, requesting that the police "please come" to their house, defendant took the phone from her hand and "[h]ung up," causing the 911 call to disconnect.

The audio evidence of the 911 call reveals yelling in the background before the call is disconnected. When the 911 operator called back, defendant again ended the call. The phone "hit[] the ground" and "the battery came out." The responding officer then confirmed in his testimony that the phone's battery was hanging out and disconnected, "render[ing] the phone inoperable." This evidence, viewed in a light most favorable to the prosecution, was sufficient to permit a rational trier of fact to infer beyond a reasonable doubt that, as Noura was using the landline phone to communicate with the 911 operator, defendant willfully and maliciously prevented, obstructed, or delayed her ability to convey an authorized communication to the police.

Defendant suggests that the evidence did not support his conviction because (1) he ended the call because there was no emergency, and (2) Noura ultimately was able to call 911. Despite defendant's opinion that there was no emergency, there was evidence that Noura was calling 911 for help because defendant was armed with a knife and Noura was concerned for the safety of herself and their four children. Furthermore, the fact that Noura was able to ultimately call 911 using her cell phone did not prevent the jury from finding that defendant's act of taking the landline phone from her, ending the call, and ultimately rendering the phone inoperable

obstructed or delayed the sending of an authorized communication. The prosecution presented sufficient evidence to support defendant's conviction of interfering with an electronic communication.

## II. SCORING OF OV 10

Defendant next argues that he is entitled to resentencing because the trial court erred by scoring offense variable (OV) 10 (exploitation of a vulnerable victim) of the sentencing guidelines. Again, we disagree.

When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

OV 10 addresses exploitation of a vulnerable victim, and the trial court must assess 10 points for OV 10 if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). The statute instructs that "[t]he mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability." MCL 777.40(2). "Vulnerability" is defined by MCL 777.40(2)(c) as the "readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." " 'Exploit' means to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). The trial court must score zero points if "[t]he offender did not exploit a victim's vulnerability." MCL 777.40(1)(d).

The facts of the case provided a reasonable basis for the trial court to conclude that defendant exploited his domestic relationship with Noura by preventing her from calling the police in an emergency.[1] Defendant and Noura were married and lived together in the same house with their four young sons. Again, there was evidence that, after defendant retrieved a small knife, he followed Noura, who was concerned about her and their children's safety, into their children's bedroom as she was calling 911 for assistance. Defendant then took the phone and ended the call. This evidence supports a finding that defendant acted to prevent Noura from summoning assistance because of his actions toward her in the context of their domestic relationship, and out of his fear of being arrested by the police. This inference is supported by defendant's act of leaving the familial home, while Noura was later on the phone with 911, before the police arrived. The trial court did not err by finding that the facts supported a 10-point score for OV 10. *Hardy*, 494 Mich at 438.

## III. COURT COSTS

---

[1] When calculating scores under the sentencing guidelines, a trial court may consider all the evidence in the trial court record. *People v Dickinson*, 321 Mich App 1, 21; 909 NW2d 24 (2017).

In his last claim, defendant argues that remand is necessary for a determination of whether there was a reasonable relationship between the $500 in court costs imposed by the trial court and the actual costs incurred by the court. We agree.

Because defendant did not challenge the trial court's imposition of court costs before the trial court, we review defendant's unpreserved claim for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 762-763; 597 NW2d 130 (1999).

"[C]ourts may impose costs in criminal cases only where such costs are authorized by statute." *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014). Defendant does not challenge the trial court's authority to impose such costs, and indeed, MCL 769.1k provides trial courts with the authority to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case[.]" MCL 769.1k(1)(b)(*iii*). Such actual costs include:

> (A) Salaries and benefits for relevant court personnel.
>
> (B) Goods and services necessary for the operation of the court.
>
> (C) Necessary expenses for the operation and maintenance of court buildings and facilities. [MCL 769.1k(1)(b)(*iii*)(A)-(C).]

Although a trial court is not required to separately calculate the court costs, it is required to " 'establish a factual basis' from which this Court can 'determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court.' " *People v Stevens*, 318 Mich App 115, 121; 896 NW2d 815 (2016), quoting *People v Konopka (On Remand)*, 309 Mich App 345, 359-360; 869 NW2d 651 (2015).

In this case, the trial court provided no factual basis for assessing $500 in court costs. "[W]ithout a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)*(iii)*." *Konopka (On Remand)*, 309 Mich App at 360. We therefore remand for the trial court to provide a factual basis for the imposition of $500 in court costs under MCL 769.1k(1)(b)*(iii)*, or to modify that amount if appropriate.

Affirmed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle

-4-