*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID TRAMELL WALKER,

        Defendant-Appellant.

UNPUBLISHED
March 4, 2021

Nos. 351751; 351752
Macomb Circuit Court
LC Nos. 2019-001499-FH;
        2019-001495-FH

Before: K.F. KELLY, P.J., and STEPHENS and CAMERON, JJ.

K. F. KELLY, P. J., *(concurring in part and dissenting in part)*

I join in the majority's affirmance of defendant's convictions and sentences, but respectfully dissent from the determination to remand this case to address the issue of court costs. Defendant argues, and the majority agrees, that he is entitled to a remand because the trial court ordered him to pay $600 in court costs for each case without articulating any reason for imposing such an amount of costs. I disagree.

As noted by the majority, "courts may impose costs in criminal cases only where such costs are authorized by statute." *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014). Indeed, MCL 769.1k provides trial courts with the authority to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case[.]" The statute defines "actual costs" to include:

        (A) Salaries and benefits for relevant court personnel.

        (B) Goods and services necessary for the operation of the court.

        (C) Necessary expenses for the operation and maintenance of court buildings and facilities. [MCL 769.1k(1)(b)(*iii*)(A)-(C).]

The trial court is not required to separately calculate the court costs. *People v Konopka (On Remand)*, 309 Mich App 345, 359; 869 NW2d 651 (2015). However, the trial court should provide a factual basis for the court costs to allow this Court to conduct a meaningful appellate review and

determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court. *Id*. at 359-360.

Here, the trial court ordered defendant to pay court costs for each case in the amount of $600 without providing any explanation for how it reached that figure. However, it does not necessarily follow that the costs imposed were *not* reasonably related to the actual costs incurred by the trial court. Even in the absence of an articulation by the trial court, it is apparent that the cost of defendant's trial would *clearly* be more than $600 in light of the costs of court staff, court maintenance resources, and building maintenance as set forth in MCL 769.1k(1)(b)(*iii*).

I would also note that defendant failed to preserve this issue for review by raising an objection in the trial court. *Konopka (On Remand)*, 309 Mich App at 356. Therefore, appellate review of this unpreserved issue is limited to plain error affecting substantial rights. *People v Head*, 323 Mich App 526, 537; 917 NW2d 752 (2018). Under plain-error review, it is the *defendant* who bears the burden of establishing that a clear or obvious error occurred, *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003), and defendant has not carried that burden in this instance. Defendant argues that, as a matter of minimum due process requirements, he is entitled to an opportunity to be heard regarding the amount of court costs imposed and the factors or method involved in calculating those costs. But defendant *was* given an opportunity to be heard when the trial court imposed the costs at sentencing. He could have objected to the costs or asked the trial court to explain how the $600 figure was reached. He simply failed to do so. Defendant essentially asks this Court to presume that an error occurred, contrary to the plain-error standard of review applicable to this unpreserved claim of error.

Finally, defendant fails to present an argument under the prejudice prong of the plain-error test. Therefore, even where "the trial court plainly erred by failing to articulate the factual basis for the court costs imposed," our defendant "has not demonstrated any of the requisite 'prejudice, i.e., that the error affected the outcome of the lower court proceedings.' " *People v Posey,* ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket Nos. 345491, 346039, 351834) slip op at 12. (Citation omitted).

Because defendant has not established that he is entitled to relief on this issue, I would affirm.

/s/ Kirsten Frank Kelly