*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RACHEL LEE MCCLOUD,

        Defendant-Appellant.

UNPUBLISHED
May 30, 2024

No. 366959
Newaygo Circuit Court
LC No. 2021-012704-FH

Before: YATES, P.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

In 2021, defendant, Rachel Lee McCloud, was placed on probation after pleading guilty to a felony offense. She subsequently was formally accused of violating the requirements in her order of probation. On January 23, 2023, defendant pleaded guilty to violating the terms of her probation by using methamphetamine, driving a motor vehicle without a valid driver's license, and leaving the scene of a traffic accident. She was ordered to serve nine months in jail, and the trial court also noted in passing that she was "going to still owe 898 bucks." This Court thereafter granted defendant's application for leave to appeal,[1] limiting review to whether the trial court erred when it included "[o]ther [c]osts" of $139.60 in the judgment. We affirm.

## I. FACTUAL BACKGROUND

In 2021, defendant entered a guilty plea to a charge of operating a vehicle while intoxicated, MCL 257.625(1)(a), third offense, MCL 257.625(9)(c) or (11)(c). The trial court then sentenced her to serve 45 days in jail and placed her on probation for 18 months. The trial court also ordered defendant to pay $798, which included $68 in state minimum costs, $130 in a crime victim's rights assessment, $100 in restitution, and a $500 fine. The judgment of sentence stated that that amount

---

[1] *People v McCloud*, unpublished order of the Court of Appeals, entered August 25, 2023 (Docket No. 366959).

was due on September 8, 2021, and the failure to pay the fine, costs, and fees within 56 days would result in a 20% late penalty.

On October 26, 2021, the trial court sent defendant a notice advising her that the $798 was due and that she would be assessed a 20% penalty if she did not make the payment within 56 days. Defendant did not pay. On April 22, 2022, the trial court sent defendant a notice of payment letter explaining that the statutory 20% late fee was added. That amount was $139.60, which was 20% of her total assessment minus the $100 restitution award. That increased defendant's obligation to $937.60.

Defendant wound up pleading guilty to probation violations on two separate occasions. At sentencing for the second round of violations, the trial court told defendant that she was "going to still owe the 898 bucks." The judgment of sentence for the second round of probation violations, in contrast, stated that defendant owed $937.60, including $68 in state minimum costs, $130 in a crime victim's rights assessment, $100 in restitution, a $500 fine, and $139.60 in "[o]ther [c]osts."

## II. LEGAL ANALYSIS

On appeal, defendant contests the assessment of "[o]ther [c]osts" in the amount of $139.60. She asserts that the "[o]ther costs" in the judgment are neither "authorized by law" nor "identified and connected with statutory authority." But defendant failed to preserve that issue by making an objection in the trial court, so we review only for plain error affecting substantial rights. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015).

Trial courts may only impose costs in criminal cases that are authorized by statute. *People v Wallace*, 245 Mich 310, 313; 222 NW 698 (1929). Defendant cites *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014), for the assertion that the trial court erred by assessing "any cost" of $139.60 without any statutory authority or explanation. But a careful review of the record reveals that defendant's argument is entirely misplaced. The $139.60 in "[o]ther [c]osts" was not an unidentified cost without any justification. Instead, the record establishes that that amount was a 20% late-payment penalty. A late-payment penalty of that nature is authorized by statute:

> *A person who fails to pay a penalty, fee, or costs in full within 56 days after that amount is due and owing is subject to a late penalty equal to 20% of the amount owed.* The court shall inform a person subject to a penalty, fee, or costs that the late penalty will be applied to any amount that continues to be unpaid 56 days after the amount is due and owing. Penalties, fees, and costs are due and owing at the time they are ordered unless the court directs otherwise. The court shall order a specific date on which the penalties, fees, and costs are due and owing. If the court authorizes delayed or installment payments of a penalty, fee, or costs, the court shall inform the person of the date on which, or time schedule under which, the penalty, fee, or costs, or portion of the penalty, fee, or costs, will be due and owing. A late penalty may be waived by the court upon the request of the person subject to the late penalty. [MCL 600.4803(1) (emphasis added).]

The trial court plainly had the authority to assess $139.60 as a late-payment penalty under MCL 600.4803(1). The trial court advised defendant several times of the consequences of failing

to timely satisfy her financial obligations, including in the judgment of sentence for the underlying conviction and in notice letters. Defendant did not make any payment. Accordingly, the trial court acted well within its authority by assessing the penalty of $139.60 under MCL 600.4803(1). The judgment for defendant's second round of probation violations simply reflected that penalty in the form of "[o]ther [c]osts," so defendant has presented no basis for relief on appeal

Affirmed.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra